IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOHN ROGER HIOTT, | ) CIVIL ACTION NO. 9:16-1420-BHH-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a)(D.S.C.).

Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI)[2] on December 13, 2012, alleging he has been disabled since April 30, 2009

---

[1]On January 23, 2017, Berryhill became the Acting Commissioner of Social Security, replacing Carolyn Colvin. The Clerk is directed to change the Defendant to Nancy A. Berryhill, Commissioner of the Social Security Administration, on the docket.

[2] Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that []he was disabled during the insured period for DIB may still receive SSI benefits if []he can establish that []he is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85,
(continued...)



due to back and neck pain, numbness in his arms and legs, diabetes, high blood pressure, and high cholesterol. (R.pp. 58, 219-220).[3] Plaintiff's applications for SSI and DIB were denied both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on July 29, 2014, following which the ALJ issued a decision on October 30, 2014 denying Plaintiff's claims. (R.pp. 10-57). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-3).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that the ALJ's decision is not supported by substantial evidence, and that this case should be reversed for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

**Scope of review**

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978);

---

[2](...continued)
87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits]. Under SSI, the claimant's entitlement to benefits (assuming they establish disability) begins the month following the date of filing the application forward. Pariseau v. Astrue, No. 07-268, 2008 WL 2414851, * 13 (D.R.I. June 13, 2008).

[3]Although, as indicated hereinabove, Plaintiff listed a number of medical problems allegedly resulting in disability in his applications, at the administrative hearing as well as in his brief filed with this Court Plaintiff only argues that he has been disabled since April 30, 2009 "due to . . . problems he was having with is neck and back". (R.p. 34); see also Plaintiff's Brief, p. 2.

2



Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008)[Noting that the substantial evidence standard is even "less demanding than the preponderance of the evidence standard"].

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

Plaintiff, who was forty-two years old when he alleges he became disabled, has a high school education as well as vocational training to be an automotive technician. He has past relevant work experience as a diesel mechanic, a position deemed to be a skilled, heavy exertion job. (R.pp. 36, 39, 51). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for

3



at least twelve (12) consecutive months. After a review of the evidence and testimony in this case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[4] of obesity, status post C4- 7 anterior cervical diskectomy and fusion surgery and bilateral C6-7 foraminotomy, cervical spondylotic radiculopathy, and lumbar and thoracic degenerative disc disease, thereby rendering him unable to perform his past relevant work, he nevertheless retained the residual functional capacity (RFC) to perform a range of sedentary work[5] with his limitations and is therefore not entitled to disability benefits. (R.pp. 15, 17, 22-23).

Plaintiff asserts that that the ALJ erred in reaching her decision by failing to analyze all of the relevant evidence and being "quite selective" in choosing which medical records to afford significant weight, and by improperly evaluating Plaintiff's subjective testimony as to the severity of his impairments. However, after a careful review and consideration of the evidence and arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that there is substantial evidence to support the decision of the Commissioner, and that the decision should therefore be affirmed. Laws, 368 F.2d at 642 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"].

---

[4]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140–142 (1987).

[5]Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).



# I.

As noted, Plaintiff's initial complaint is that the ALJ overestimated his level of functioning and was "quite selective" in choosing which medical records to afford significant weight. However, the undersigned is constrained to note that every single medical record cited by the Plaintiff in his brief as supporting this claim (all of which address Plaintiff's complaints of back and neck pain) are cited and referred to by the ALJ in her decision. See Plaintiff's Brief, pp. 2-3; see also (R.pp. 19-21). For example, Plaintiff notes in his brief that he underwent neck surgery for cervical spondylotic radiculopathy in December 2012,[6] the evidence regarding which was specifically cited by the ALJ on page 8 of her decision. See (R.p. 20). Similarly, all of the other medical records cited by the Plaintiff in his brief, including his second surgery in February 2013 as well as MRI and x-ray results through 2014, are all cited by the ALJ in her decision. See generally, (R.pp. 20-21). Hence, Plaintiff's general and conclusory argument in his brief[7] that the ALJ failed to consider these medical records, or in some way "selectively" ignored them, is without merit.

---

[6] Notably, although this is the first medical record cited by the Plaintiff, it is dated almost three and a half years *after* Plaintiff alleges his condition became disabling. Indeed, the Commissioner correctly notes in her brief that Plaintiff's medical record is devoid of any evidence of significant medical care until July 2010 (over a year after Plaintiff alleges he became disabled), when he underwent a medical examination by a cardiologist, and which was unremarkable. (R.p. 284).

[7] In fact, Defendant argues (with some justification) that Plaintiff's argument with respect to this claim (which consists of only two sentences in his brief) are so perfunctory and lacking in specifics as to effectively constitute a waiver of this claim. See Plaintiff's Brief, p. 4 (§ i); cf. Erline Co. S.A. v. Johnson, 440 F.3d 648, 653, n. 7 (4th Cir. 2006) [Noting that arguments that are little more than a bare conclusion are "insufficient to raise on appeal any merits - based challenge"]; Belk, Inc. v. Meyer Corp., 679 F.3d 146, 152, n. 4 (4th Cir. 2012) [Finding that claim "is waived [where Plaintiff] fails to develop [his] argument to any extent in its brief"]; Sedghi v. PatchLink Corp., 440 F.Appx. 165, 167 (4th Cir. 2011) [Noting that "by advancing only a conclusory argument, [Plaintiff] has likely waived the issued"].

5



Further, in finding that Plaintiff could perform the range of sedentary work set forth in the decision, the ALJ not only noted the medical records cited to by the Plaintiff in his brief, but additional and numerous other medical records. Among these, the ALJ noted that in October 2010 (over a year after Plaintiff alleges he became disabled) Plaintiff's C-spine movements were full and painless, his lumbar spine movement showed only limited flexion while the rest of his lumbar spine movement was normal, he had negative straight leg raising bi-laterally, and he had 5/5 (full) motor strength in all of his extremities. (R.pp. 19-20, 336). Cf. Gaskin v. Commissioner of Social Security, 280 Fed.Appx. 472, 477 (6th Cir. 2008)[Finding that evidence of no muscle atrophy and that claimant "possesses normal strength" contradicted Plaintiff's claims of disabling physical impairment]. The ALJ also noted that following Plaintiff's second back procedure in February 2013, x-rays of his cervical spine failed to reveal any complication, and that Plaintiff was referred for occupational therapy. (R.pp. 21, 380-381, 383). In October 2013, although Plaintiff complained of "unrelenting" pain, on examination he was found to have no tenderness to palpation of the spine, he ambulated independently with an antalgic gait, he was able to walk heels and toes (with difficulty), and his motor exam was again 5/5 (indicating full strength) in both his upper and lower extremities with the exception of his left wrist extension and grip, which was 4/5. (R.pp. 21, 531-532). See Craig v. Chater, 76 F.3d 589-590 (4th Cir. 1996) [Noting importance of treating physician opinion]. In January 2014, although Plaintiff presented in a wheelchair, it was noted that Plaintiff needed no assistance getting out of the wheelchair and had no trouble ambulating from the wheelchair to the exam chair, while a neurological examination found Plaintiff to have normal strength, sensation and reflexes throughout. (R.pp. 21, 514). Cervical and hip x-rays taken at that time revealed only mild osteoarthritic changes of the hip joints. (R.pp. 514-515, 520). The ALJ also noted in her decision that

6



in June 2014, Plaintiff underwent a cervical spine MRI that was deemed to be a "stable exam" and unchanged from a prior MRI in December 2012. (R.pp. 21, 539).

While Plaintiff's medical records certainly reflect that he suffers from a serious back condition, and indeed the ALJ acknowledged and found in her decision that this was a severe impairment, that does not mean that Plaintiff is disabled or cannot perform any work activity. Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) [Courts should properly focus not on a claimant's diagnosis, but on the claimant's actual functional limitations]; see also Bowen, 482 U.S. at 146, n. 5 [Plaintiff has the burden to show that he has a disabling impairment]. The ALJ provided a comprehensive review of the medical evidence and records in this case, and although concluding that Plaintiff's medical issues limited him to performing no more than sedentary work, she did not find that his condition was totally disabling. The undersigned can find no reversible error in the ALJ's findings and conclusions, nor does a plain reading of the decision support Plaintiff's argument that the ALJ was "selective" in the evidence she reviewed and considered. Cf. Thomas v. Celebreeze, 331 F.2d 541, 543 (4th Cir. 1964) [court scrutinizes the record as a whole to determine whether the conclusions reached are rational]; see also Jolley v. Wineberger, 537 F.2d 1179, 1181 (4th Cir. 1976) [the Commissioner's "findings must be upheld if [they are] supported by inferences that could be properly drawn from [the] record evidence."]. Rather, Plaintiff is simply attempting to have this Court re-weigh the evidence; however, weighing of the evidence is the job of the ALJ, not of the federal courts on appellate review. Hays, 907 F.2d at 1456 [It is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996)["The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court"].



As such, Plaintiff has failed to establish any reversible error in the ALJ's treatment and consideration of the medical and opinion evidence cited in his brief, and this argument is therefore without merit. Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir. 1993) ["...What we require is that the ALJ sufficiently articulate his assessment of the evidence to 'assure us that the ALJ considered the important evidence ... [and to enable] us to trace the path of the ALJ's reasoning.'"]; see also Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) ["In reviewing for substantial evidence, we do not undertake to itself reweigh conflicting evidence."]; Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)[holding that the court is not to "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency]; Kellough v. Heckler, 785 F.2d 1147, 1149 (4th Cir. 1986) ["If the Secretary's dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported."] (citation omitted)].

**II.**

With respect to Plaintiff's contention that the ALJ committed reversible error in her evaluation of Plaintiff's subjective testimony and credibility, this argument is also without merit. The ALJ specifically discussed Plaintiff's testimony, but while concluding that Plaintiff did have medically determinable impairments that could reasonably be expected to cause the symptoms alleged, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms was not credible to the extent inconsistent with the RFC set forth in the decision. ( R.p. 18). In reaching this conclusion, the ALJ specifically noted the medical records and Plaintiff's testimony, the fact that the evidence revealed "large gaps" in Plaintiff's treatment, where clinical findings were inconsistent with the level of severity alleged, and that Plaintiff's activities of



daily living (R.pp. 236-243, 253-260, 284, 286) were also inconsistent with his allegations. (R.pp. 18-19).

Even so, based on the *entire record* in conjunction with what the ALJ determined to be Plaintiff's "credible allegations of pain", she limited the Plaintiff to performing no more than sedentary work. (R.p. 19). This was a proper basis on which to reach her decision as to Plaintiff's overall RFC. See SSR 96–7p, 1996 WL 374186, at *2 [Where a claimant seeks to rely on subjective evidence to prove the severity of her symptoms, the ALJ "must make a finding on the credibility of the individual's statements, based on a consideration of the entire case record."]; Mickles v. Shalala, 29 F.3d 918, 925-926 (4th Cir. 1994) [In assessing the credibility of the severity of reported subjective complaints, consideration must be given to the entire record, including the objective and subjective evidence]. When objective evidence conflicts with a claimant's subjective statements, an ALJ is allowed to give the statements less weight; see SSR 96–7p, 1996 WL 374186, at *1; Craig, 76 F.3d at 595 ["Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment."]; and after a review of the record and evidence in this case, the undersigned can find no reversible error in the ALJ's treatment of the subjective testimony given by the Plaintiff. Ables v. Astrue, No. 10–3203, 2012 WL 967355, at *11 (D.S.C. Mar. 21, 2012) ["Factors in evaluating the claimant's statements include consistency in the claimant's statements, medical evidence, medical treatment history, and the adjudicator's observations of the claimant."](citing SSR 96-7p); Bowen, 482 U.S. at 146 [Plaintiff has the burden to show that he has a disabling impairment]; Jolley v. Weinberger, 537 F.2d 1179, 1181 (4th Cir. 1976)[finding that the objective medical



evidence, as opposed to the claimant's subjective complaints, supported an inference that he was not disabled].

Plaintiff's argument is essentially that the ALJ erred in making her credibility assessment because she purportedly "ignored" Plaintiff's long and uninterrupted work record, noting that he had worked as an auto technician from 1996 to 2009. See (R.p. 283). However, as correctly noted by the Commissioner, the ALJ specifically referenced Plaintiff's testimony about his work in her decision and stated that she had considered all of the evidence in making her decision. (R.pp. 15, 17-18, 22); see Reid v. Commissioner of Social Security, 769 F.3d 861, 865 (4th Cir. 2014) [Absent evidence to the contrary, ALJ statement that she had considered the entire record in reaching her decision was taken at her word]; Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2008)[Appellate courts generally take a lower tribunal at its word when it states that it has considered a matter]; Wall v. Astrue, 561 F.3d 1048, 1070 (10th Cir. 2009)[Noting well established principle of taking ALJ at his word when he indicates he considered all of the evidence]. Moreover, Plaintiff's argument that the extent of his pain and limitation should have been deemed credible by the ALJ simply because he had a long (previous) work history is simply incorrect. Manner v. Colvin, No. 12-2969, 2014 WL 4656383, at * 5 (D.S.C. Sept. 17, 2014) [Noting that "[w]hile a long work history may be a factor supporting credibility, it is not controlling"]; Clark v. Astrue, No. 12-122, 2012 WL 6728441, at * 3 (W.D.N.C. Dec. 28, 2012) ["The requirement that the ALJ make a credibility determination . . . would be meaningless if a long work history standing alone established substantial credibility"] (internal quotations omitted).

This Court may not overturn a decision that is supported by substantial evidence just because the record may contain conflicting evidence. Smith, 99 F.3d 638 ["The duty to resolve



conflicts in the evidence rests with the ALJ, not with a reviewing court"]. Based on the record and evidence, the undersigned does not find that the ALJ conducted an improper credibility analysis in reading her conclusions, or that the decision otherwise reflects a failure to properly consider the record and evidence in this case. Bowen, 482 U.S. at 146, n. 5 [Plaintiff has the burden to show that he has a disabling impairment]; Parris v. Heckler, 733 F.2d 324, 327 (4th Cir. 1984) ["[S]ubjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof." (citation omitted)]; see also Guthrie v. Astrue, No. 10-858, 2011 WL 7583572, at * 3 (S.D.Ohio Nov. 15, 2011), adopted by, 2012 WL 9991555 (S.D.Ohio Mar. 22, 2012)[Even where substantial evidence may exist to support a contrary conclusion, "[s]o long as substantial evidence exists to support the Commissioner's decision . . . this Court must affirm."]; Kellough v. Heckler, 785 F.2d 1147, 1149 (4th Cir. 1986) ["If the Secretary's dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported."] (citation omitted)]. Therefore, Plaintiff's credibility argument is without merit.

## Conclusion

Substantial evidence is defined as "... evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). As previously noted, if the record contains substantial evidence to support the decision (i.e., if there is sufficient evidence to justify a refusal to direct a verdict were the case before a jury), this Court is required to uphold the decision, even should the Court disagree with the decision. Blalock, 483 F.2d at 775.

Under this standard, the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act



during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be affirmed.

    The parties are referred to the notice page attached hereto.

                        _____
                        Bristow Marchant
                        United States Magistrate Judge

May 1, 2017
Charleston, South Carolina


during the relevant time period. Therefore, it is recommended that the decision of the Commissioner be affirmed.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 1, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

